70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elijah SCALLION, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3557.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
Rehearing Denied Dec. 4, 1995.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Elijah Scallion appeals the May 15, 1995 final decision of the Merit Systems Protection Board ("Board") in Docket Number DA-0831-95-0301-I-1 sustaining the reconsideration decision of the Office of Personnel Management ("OPM") adjusting Mr. Scallion's annuity by eliminating his military service after 1956 from the annuity computation and not permitting him to make a post-retirement deposit of the sum that would have entitled him to not have the adjustment made. We vacate and remand.
 
 DISCUSSION
 
 2
 In order to receive credit for post-1956 military service, a civil service annuitant must deposit with the civil service retirement fund a sum equal to seven percent of the retiree's total pay for such service, 5 U.S.C. Secs. 8332(j), 8334(j) (1994), before either separation or final adjudication of his or her retirement application, 5 C.F.R. Secs. 831.301(a). On appeal, the Board held that Mr. Scallion was not entitled to credit for active-duty military service performed after 1956 for purposes of computing his civil service annuity because he did not make such a deposit and that he was not entitled to make a post-retirement deposit. Before the Board, Scallion claimed that he was not informed of the deposit requirement.
 
 
 3
 We stated in Collins v. Office of Personnel Management, 45 F.3d 1569, 1573-74 (Fed.Cir.1995), that OPM is not required by law to inform a retiring individual of the need to make a seven percent deposit in order to receive annuity credit, unless there exists a "statutory or regulatory" requirement that the person be told.
 
 
 4
 Federal Personnel Manual ("FPM") Letter 831-83, dated November 19, 1984, states that
 
 
 5
 To ensure that employees are given an opportunity to pay the deposit for post-1956 military service and informed of the consequences of not paying it, all retiring employees who haven't paid the full deposit for their post-1956 military service should be asked to sign the following statement. This statement, which should be typed in the remarks section of Standard Form 2801-1, Certified Summary of Federal Service, will help us process the employee's retirement application without delay.
 
 
 6
 I have read the information about the effect of not making a deposit for my post-1956 military service and I do NOT want to make the deposit. I understand that I can't change my decision after I retire.
 
 
 7
 Neither the Board's decision nor OPM's reconsideration decision refers to this FPM provision.
 
 
 8
 As noted, Scallion asserts that he was not informed, at the time of his retirement, of the need to make a deposit in order to receive credit for his post-1956 military service. The record, however, contains no evidence that the correctness of this assertion was established; the Administrative Judge made no factual findings as to the claim, and on appeal, OPM does not concede that Scallion was not notified. Finally, there is no material in the record before us which sheds light on the question.
 
 
 9
 In sum, on the record before us, we are unable to say whether Scallion is entitled to make a late deposit. No finding has been made as to whether Scallion was or was not informed of the deposit requirement. Neither is it certain that there was a "regulatory" requirement that he be so informed. Accordingly, we must vacate the decision of the Board and remand for further proceedings. On remand, in adjudicating Scallion's appeal from OPM's reconsideration decision, the Board must determine, as a factual matter, whether Scallion was notified of the requirement that he make a deposit before retirement. The Board also must determine whether FPM Letter 831-83 constitutes a "regulatory" requirement under Collins.